

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| OTIS MAURICE ROBINSON, | § | |
| Petitioner, | § | Civil Action No. 6:22-01927-MGL |
| | § | |
| vs. | § | |
| | § | |
| WARDEN BROAD RIVER | § | |
| CORRECTIONAL INSTITUTION, | § | |
| Respondent. | § | |

**ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION OF THE
COURT'S ORDER DISMISSING HIS SECTION 2254 PETITION AS TIME-BARRED**

## I.    INTRODUCTION

Pending before the Court is Otis Maurice Robinson's (Robinson) motion for reconsideration of the Court's Order dismissing his 28 U.S.C. § 2254 petition (petition) as time-barred.  Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court the motion will be granted.

## II.    FACTUAL AND PROCEDURAL HISTORY

The details of Robinson's case and timeline of his post-conviction litigation is fully set forth in the Magistrate Judge's Report and Recommendation (Report).  Nevertheless, the Court sets forth the timeline to the extent it is relevant to its analysis:

**January 10, 2022**    Robinson sent a letter asking for an extension of time to file his petition.  There is a stamp indicating the letter was received by this Court's Clerk's Office on January 13, 2022.  The stamp has been crossed out.

|  | The Court surmises that the Clerk's Office returned the letter to Robinson because it failed to mention federal court and Robinson styled his caption with his South Carolina Supreme Court case. This letter is recorded only in Robinson's state court case; this Court lacks any official record of it. |
|---|---|
| **February 22, 2022** | Robinson sent the January 10, 2022, letter to the South Carolina Supreme Court. The Supreme Court received it on February 24, 2022, and forwarded it the South Carolina Court of Appeals the same day, where it was docketed. |
| **March 1, 2022** | The South Carolina Court of Appeals responded to Robinson and advised him it no longer had jurisdiction over his case. |
| **March 26, 2022** | The date by which Robinson needed to file his petition for it to be timely. |
| **June 15, 2022** | Robinson sent a motion for extension of time, which the Clerk's Office docketed on June 17, 2022. It fails to mention the basis for his forthcoming petition. Nevertheless, the Magistrate Judge subsequently ordered that June 15, 2022, be considered the date Robinson filed his petition. |
| **July 21, 2022** | Robinson delivered a petition to the prison mailroom, which the Clerk's Office docketed on July 25, 2022, as an attachment to Robinson's motion for extension of time. It thus is reflected on the docket as having been entered on June 17, 2022. |
| **August 19, 2022** | The Magistrate Judge issued an order to show cause that provided Robinson an opportunity to explain why the Court should refrain from dismissing his petition as time-barred. |
| **August 22, 2022** | Robinson sent the Court a letter saying prison officials were interfering with his legal mail, although it is unclear exactly what he contended they interfered with. *See* August 22, 2022, Letter at 1 ("I have proof as soon as I get a copy of this Debit Form I have from the mailroom person[n]el indicating that my Habeas Corpus form has been sen[t] out."). |
|  | Based on the additional context provided in the instant motion, it appears he may have been attempting to assert that prison officials failed to mail a previous Section 2254 petition or the January 10, 2022, letter. |
|  | The Clerk's Office docketed the letter two days after he had delivered it to the prison mailroom, on August 24, 2022. |

September 6, 2022        The Clerk's Office received Robinson's response to the order to show cause. It appears Robinson dated the response August 29, 2022 (although the word August is omitted) and delivered it to the prison mailroom on September 1, 2022.

The Magistrate Judge issued the Report, determining Robinson's explanation failed to entitle him to tolling of the statute of limitations. Robinson failed to object, so the Court adopted the Report in the absence of clear error on October 18, 2022.

On January 11, 2023, the Clerk's Office entered this motion, which Robinson sent two days earlier. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.    STANDARD OF REVIEW

Under Rule 60(b), a Court may grant relief from a judgment because of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion under this rule "must be made within a reasonable time[,]" and, for certain subsections, within a year of entry of the judgment. Fed. R. Civ. P. 60(c)(1).

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). Other cases also require a showing of exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Such relief is an "extraordinary remedy" that sets aside "the sanctity of [a] final judgment[.]" *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation omitted) (internal quotation marks omitted).

## IV.    DISCUSSION AND ANALYSIS

Robinson fails to specify under what authority he brings this motion.  Because he brought his motion more than twenty-eight days after the Court entered judgment, he is ineligible for an altered or amended judgment under Rule 59(e).  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  Thus, the Court considers whether it should grant him relief from the judgment under Rule 60(b) pursuant to the standard set forth in the previous section.

### A.    *Whether the motion is timely*

Robinson filed his motion within three months of the Court's order dismissing the case.  The Court determines this is a reasonable amount of time given, as discussed below, the lack of procedural clarity in this case.  Therefore, the motion is timely.

### B.    *Whether the motion is meritorious*

Robinson contends that he filed a petition, but the Court has no record of it.  He blames this on interference with his mail by prison officials, but the Court determines he is likely referring to the January 10, 2022, letter that was apparently returned to him because it was incorrectly captioned.

Just as the Magistrate Judge determined the petition should be deemed as filed on the date Robinson moved for an extension of time, the Court deems Robinson's petition as having been filed on January 10, 2022.  Even if did not deem it filed on that date, the Court holds Robinson would be entitled to equitable tolling from January 10, 2022, when Robinson sent the letter, until July 21, 2022, when he ultimately filed the petition.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### 1.    *Whether Robinson pursued his rights diligently*

Robinson has sent two requests for extension of time to this Court, one of which—the January 10, 2022, letter—was returned to him without filing. He also filed a motion for extension of time with the state court. He filed his petition and then responded to the order to show cause. It appears he has tried to alert the Court to the clerical error of returning the January 10, 2022, letter on several occasions, albeit unclearly.

Although Robinson failed to respond to the Report, he has made numerous attempts to pursue habeas relief in a timely fashion. The Court determines he has pursued his rights diligently.

### 2.    *Whether extraordinary circumstances stood in Robinson's way*

As previously described, Robinson sent a letter to this Court regarding his federal habeas petition, which was evidently returned to him due to the state court caption. Based, presumably, on the instructions given to him when Clerk's Office returned the letter, he then sent the letter to the state Supreme Court. The Supreme Court, in turn, forwarded the motion to the Court of Appeals, which notified Robinson it lacked jurisdiction.

In the face of this procedural Catch-22, Robinson persevered. He sent another motion for extension to this Court—despite all indications that such an action may be futile.

At this point, no one—not the Clerk's Office, not the Magistrate Judge, and not this Court, realized that Robinson had previously sent material regarding his case. Understandably so, because the only record of his January 10, 2022, letter is a district court stamp on a motion that was ultimately filed in state court.

This case presented a mystery to the Court that took significant sleuthing to unravel. Given the procedural irregularity, it is understandable it took Robinson longer to make sense of the enigmatic bureaucracy.

Therefore, the Court determines that extraordinary circumstances hindered Robinson from timely filing his petition, and it would be unconscionable to enforce the statute of limitations. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (reasoning equitable tolling is available in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Thus, the Court determines Robinson would be entitled to equitable tolling absent his petition being deemed filed on January 10, 2022. Inasmuch as this is a dispositive determination on this issue, there is no reason for the Court to discuss and analyze Robinson's other assertions of extraordinary circumstances. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

### C.    *Whether Respondent Warden Broad River Correctional Institution (Warden) would be prejudiced if the Court set aside the judgment*

Warden has yet to appear in this action. It appears to the Court that they would suffer no prejudice if the Court set aside the judgment and allowed this case to proceed to the merits.

### D.    *Whether Robinson has shown exceptional circumstances*

For the reasons previously stated, Robinson has also shown exceptional circumstances to set aside the judgment.

*****

Therefore, for all the reasons stated in this order, Robinson has identified a mistake that justifies relief from the judgment under Rule 60(b).  The Court will thus grant his motion for reconsideration and deem his petition as timely.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Robinson's motion for reconsideration is **GRANTED**.  The judgment in this case is **VACATED** and this case is **REFERRED** to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

Signed this 7th day of August 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.