

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| OTIS MAURICE ROBINSON,<br>    Petitioner, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 6:22-1927-MGL |
| WARDEN BROAD RIVER<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | §<br>§<br>§<br>§ | |

**AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING PETITIONER'S PETITION WITH PREJUDICE,
AND DEEMING AS MOOT PETITIONER'S MOTION FOR RECONSIDERATION**

## I.     INTRODUCTION

Petitioner Otis Maurice Robinson (Robinson), who is representing himself, filed this petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 (Section 2254) against Respondent Warden Broad River Correctional Institution (the Warden).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant the Warden's motion for summary judgment and dismiss Robinson's petition with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge filed the Report on May 30, 2024. The Clerk of Court docketed Robinson's initial objections on June 14, 2024, and the Warden replied on June 28, 2024. The

Clerk of Court docketed Robinson's supplemental objections on October 16, 2024, and the Warden filed a supplemental reply on October 30, 2024.

The Court has reviewed Robinson's objections but holds them to be without merit. It will therefore enter judgment accordingly.

**II.     FACTUAL AND PROCEDURAL HISTORY**

In 2011, a state grand jury indicted Robinson for first-degree burglary. The case proceeded to trial, during which the state presented evidence showing Robinson broke a window, entered a dwelling without consent, and stole five DVDs. Witnesses identified Robinson as the perpetrator, and Robinson admitted he was at the scene. The state confirmed Robinson's presence with DNA and fingerprint evidence.

The state also presented evidence demonstrating Robinson had two prior convictions for second-degree burglary in 1994-GS-10-4892 and 2006-GS-10-12813. These convictions are what made the charge against Robinson first-degree burglary. *See* S.C. Code Ann. § 16-11-311 (providing a person is guilty of first-degree burglary if he enters a dwelling without consent and with intent to commit a crime and has a prior record of two or more convictions for burglary).

The jury convicted Robinson as indicted, and the Court sentenced him to life without parole based on his prior convictions for second-degree burglary in 2006-GS-10-4812 and 2006-GS-12-813. *See id.* § 17-25-45(A)(2) (mandating a sentence of life without parole where the defendant has been convicted of a "most serious offense" and has two or more prior convictions for a "serious offense"); *id.* § 17-24-45(C) (defining "most serious offense" to include first-degree burglary and defining "serious offense" to include second-degree burglary).

Robinson filed a direct appeal with the South Carolina Court of Appeals, but the court dismissed it.

In 2016, Robinson filed an application for post-conviction relief (PCR) in state court, arguing ineffective assistance of counsel, denial of due process, and prosecutorial misconduct. The PCR court denied the application with prejudice, and Robinson unsuccessfully appealed the denial.

In 2022, Robinson filed this habeas petition, raising four grounds for relief. The Court will detail Grounds One, Two, and Four below. Robinson neglects to raise any arguments as to Ground Three.

### III.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court, however, need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a de novo review[] but

3

instead must 'only satisfy itself that there is no clear error on the face of the record to accept the recommendation'").

IV.    **DISCUSSION AND ANALYSIS**

    A.    ***Whether the Magistrate Judge erred in issuing a recommendation as to the Warden's motion for summary judgment***

As a preliminary matter, Robinson challenges the Magistrate Judge's role, claiming he "did not consent to the Magistrate Judge [presiding] over th[is] case and entering judg[]ment." Supplemental Objections at 1. But, it is the Court, rather than the Magistrate Judge, that will enter judgment. And, to the extent Robinson contests the Warden's motion being referred to the Magistrate Judge, such referral is plainly permitted by law. 28 U.S.C. § 636(b)(1)(B) (explaining the Court may designate a Magistrate Judge to submit a recommendation as to motions for summary judgment). So, the Court will overrule this objection.

    B.    ***Whether the Court may consider Robinson's contention his speedy trial rights were violated***

Nor is the Court able to entertain Robinson's contention, which he raises for the first time in his supplemental objections, his speedy trial rights were violated. Supplemental Objections at 2, 4; *see Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (noting the Court is unrequired to entertain claims asserted in objections but uncontained in a Section 2254 petition). The Court will thus overrule this objection, too.

Turning to the remaining objections, for the most part, Robinson has failed to present any specific objections to the Report. His objections mostly amount to general disagreements with the findings of the trial and PCR courts and merely repeat claims the Magistrate Judge properly considered, addressed, and rejected. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those claims in the well-written and comprehensive Report, it is unnecessary

to repeat the discussion here. Nonetheless, in an abundance of caution, the Court has teased out several arguments, which it will briefly address below.

### C. Whether the Magistrate Judge erred in recommending the Court grant the Warden's motion for summary judgment as to Ground One

In Ground One of Robinson's petition, he asserts (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct, (3) a violation of his due process rights, (4) lack of jurisdiction, and (5) a violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963).

Robinson appears to advance two objections to the Magistrate Judge's proposal the Court grant summary judgment as to Ground One.

First, Robinson argues his conviction in 1994-GS-10-4892 was an involuntary plea, and, therefore, the state's use of the conviction as a sentencing enhancement violated his due process rights. Initial Objections at 4; Supplemental Objections at 4, 6.

As a general matter, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403 (2001). Moreover, "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced conviction through a petition under [Section] 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04.

In 1994, Robinson unsuccessfully appealed his conviction in 1994-GS-10-4892 to the South Carolina Supreme Court. Robinson has failed to provide, and the Court is unable to find, any evidence of a PCR application challenging the validity of the conviction. Because the conviction is open neither to direct nor collateral attack, the Court regards it as conclusively valid.

Accordingly, Robinson is unable to challenge the state's use of the conviction through his petition, and the Court will overrule this objection.

Second, Robinson contends a "shake down crew" in the county jail confiscated crime scene photographs from him and thereby denied his right to present the photographs in violation of due process and *Brady*, 373 U.S. at 83.  Initial Objections at 6; Supplemental Objections at 8–9.  As the Magistrate Judge aptly noted, however, Robinson's PCR counsel explained to him the photographs would have been produced to trial counsel, and the fact Robinson had the photographs in the first instance demonstrated the state complied with its obligations under *Brady*.  Report at 22 n.9; Warden's Return, Attachment 2, at 434.  Logic therefore defies Robinson's *Brady* argument.  To the extent Robinson claims his due process rights were violated, this argument is merely conclusory, and the Court is unable to find any violation.  *See Orpiano*, 687 F.2d at 47; *Diamond*, 416 F.3d at 315.  Therefore, the Court will also overrule this objection.

> **D.** *Whether the Magistrate Judge erred in recommending the Court grant the Warden's motion for summary judgment as to Ground Two*

In Ground Two of Robinson's petition, he contends PCR counsel was ineffective inasmuch as counsel allegedly lied to Robinson when counsel stated Robinson should get the relief sought.  Now, Robinson asserts PCR counsel was also ineffective in (1) failing to prepare and present a proposed order to the PCR court and (2) neglecting to preserve certain issues for appeal by filing a motion to alter or amend the PCR court's order.  Initial Objections at 1–2; Supplemental Objections at 3.  Because Robinson refrained from including these arguments in his petition, however, the Court will overrule his objection.  *See Samples*, 860 F.3d at 275 (noting the Court is unrequired to entertain claims asserted in objections but uncontained in a Section 2254 petition).

> E.  *Whether the Magistrate Judge erred in recommending the Court grant the Warden's motion for summary judgment as to Ground Four*

In Ground Four of Robinson's petition, he reiterates his allegations trial counsel and PCR counsel were ineffective. In so doing, he claims his rights were violated under the Fifth, Sixth, and Fourteenth Amendments.

Robinson objects to the Magistrate Judge's recommendation the Court grant summary judgment on this ground because he avers trial counsel was under the influence of drugs, during and after trial, thereby impacting counsel's ability to effectively represent him. Initial Objections at 3; Supplemental Objections at 2, 5. He fails to object on this ground as to PCR counsel.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate two elements: first, "counsel's performance was deficient," and second, "the deficient performance prejudiced the defense . . . . [so] as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The first element analyzes whether trial counsel provided "reasonably effective assistance." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.*

The second element "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The petitioner raising an ineffective assistance challenge has an affirmative obligation to prove prejudice. *Id.* at 693.

The PCR court expressly considered and dispelled any allegation of deficiency by trial counsel based upon the "consistent and credible" testimony of Assistant Solicitor Stephanie Linder, as opposed to the "inconsistent" and untrustworthy testimony of Robinson. Warden's Return, Attachment 2, at 441–43.

The only manner in which the PCR court found trial counsel to be deficient was in his failure to properly appeal Robinson's case. *Id.* at 443. Nonetheless, the PCR court concluded Robinson was unharmed by this deficiency because Appellate Defense perfected his appeal. *Id.*

The Court has carefully reviewed the record and, like the Magistrate Judge, determines the PCR court's ruling is based on objectively reasonable factual determinations and is consistent with a reasonable application of clearly established federal law. Report at 26. Accordingly, the Court will also overrule this objection.

## V.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Robinson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Warden's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED WITH PREJUDICE**. As a result of this ruling, Robinson's motion for reconsideration is necessarily **DEEMED AS MOOT**.

To the extent Robinson seeks a certificate of appealability, his request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 12th day of January 2026, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE

*\*\*\*\*\**
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.